MAX DOYNE, complainant-respondent,

*v.*

MINNIE ROSE et al., defendants-appellants.

[Argued May 22d, 1935. Decided October 9th, 1935.]

*Mr. Maurice C. Brigadier,* for the defendants-appellants.

*Mr. Alexander Seclow,* for the complainant-respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up a decree of the court of chancery reforming, in accordance with the prayer of the bill, two certain bonds executed by the complainant-respondent and others to the defendant-appellant Minnie Rose, which said bonds were decreed to have been made and executed by the respondent in the mutual mistake of himself and the obligee. These two bonds are marked Schedule 1 and Schedule 2 annexed to the bill of complaint, and are in the sums of $20,000 and $15,000, respectively. In the course of the trial the solicitor for the defendant-appellant stipulated that reformation should take place as to the bond for $20,000, and upon the undisputed testimony produced by the complainant, there being no evidence offered by the appellant, the vice-chancellor found that the bonds were intended to indemnify the obligee against any loss by reason of mechanics' liens being filed against properties mortgaged to the obligee, which buildings were being constructed with moneys advanced by the obligee-mortgagee. The situation is very clearly exhibited in the testimony of Percival G. Cruden, a member of the bar, who testified in effect that he prepared the bonds and that they were to protect against mechanics' liens only. As stated above, appellant's solicitor consented to a decree of rescission or reformation as to bond No. 1.

The appellant insists that the questions involved in this case were disposed of in prior litigation between the appellant

here, Minnie Rose, and Jerome Harvey Development Company. This was a foreclosure suit of a $15,000 mortgage, to which the bond designated as Schedule 2 was collateral. Complainant-respondent here was made a party defendant in that suit by virtue of chapter 231, *P. L. 1932*. He filed an answer in which he denied execution of the bond and a counter-claim seeking reformation of the bond in question, as well as the bond designated as Schedule 1 herein. The vice-chancellor to whom the matter was referred struck out the answer, on motion, on the ground that it did not "state any defense cognizable in equity" and also struck out the counter-claim on the ground that it did not "state any cause of action cognizable in equity, as a counter-claim to the above entitled bill." Doyne appealed to this court and the order was affirmed.

Appellant contends that the affirmance of the order striking the counter-claim in the foreclosure suit is *res adjudicata* of the cause of action set out in the bill in the instant suit. Reliance is placed upon the fact that in the opinion of the chief-justice in the prior suit it was pointed out that although the counter-claim alleged fraud in procuring the execution of the bonds, there was no allegation of participation by Minnie Rose in the fraud and therefore no cause of action was set out against her. The argument of appellant is that since the respondent failed to allege all the facts necessary to set out a cause of action against her at that time, the dismissal of the counter-claim was *res adjudicata*.

We are of the opinion that this is not the situation. The merits of respondent's alleged cause of action had never been passed upon.

"A judgment is not on the merits if the case went off on any preliminary, subsidiary or technical plea or objection. Accordingly a judgment for defendant on the ground that the court is without jurisdiction, or for defects in parties or pleadings, or because plaintiff has misconceived his remedy or has brought his action prematurely, is not a bar to a subsequent action." *34 C. J. 776*.

As stated, the counter-claim was dismissed because it did not set out a cause of action cognizable in equity as a counter-claim to the foreclosure suit.

In *Gery* v. *Gery, 113 N. J. Eq. 59,* Mr. Justice Case, speaking for this court, said:

"Appellant's first point is that, the right to partition by the complainant having been heard, that question is *res adjudicata* because of the order, entered on the advice of Vice-Chancellor Bigelow, striking the counter-claim and certain parts of the answer and the separate defenses. The principle of *res adjudicata* is not applicable. The cause had not reached the state of a hearing upon its merits. Indeed the matters recited in the order of dismissal had never been presented or considered; and, had the cause gone so far as final hearing, the chancellor would properly have dismissed the bill had no ground for equity jurisdiction appeared."

And in *Benjamin* v. *Van Voorhis, 106 N. J. Eq. 196,* this court said:

"We consider, however, that the decree of dismissal in the present case is no bar to the right of the complainant to file a new bill based upon the same grounds as those set forth in the case now before us. If the present bill contains a true statement of the facts in issue, clearly the complainant is entitled to the relief which she seeks. Although, where a bill in equity has been dismissed by the court and another bill is subsequently filed between the same parties based upon the same subject-matter, the court in its discretion may dismiss the latter bill, without a hearing, nevertheless, if the first suit is dismissed on any ground which did not go to the merits of the action, the decree rendered is not necessarily a bar to another suit and in the interest of justice it should not be permitted to deprive the complainant of a just cause of action."

We are of the opinion that the former decree was not *res adjudicata* of the cause of action alleged here, and are supported in that conclusion by the argument made by the appellant here when speaking in support of the decree in the former appeal. There it was argued in the brief by counsel:

"The bill of complaint sought no decree against the defendant Max Doyne on the collateral bond executed by him but sought merely an adjudication of the amount due on the mortgage bond to which he was not a party. The only answer this defendant could file was one attacking the adjudication

of the amount due on the primary bond, namely, the one executed by the mortgagor, Jerome-Harvey Development Company. The defendant Max Doyne was merely made a party for the purpose of obtaining an adjudication as to the amount due on the mortgage bond which would constitute *res adjudicata* only as to the amount due the mortgagee on the mortgage bond in so far as the defendant Max Doyne was concerned."

And it was argued that for that reason the answer and counter-claim were properly stricken. This reasoning was adopted by the court of chancery and by this court and it was held that the prayer for the reformation of the bonds was not properly set up in a counter-claim in the foreclosure action. Such decision is, however, no bar to the respondent's seeking his relief in a proper action, which we deem the present one to be.

As stated, on the factual question presented there was no dispute. Defendant offered no testimony to deny the complainant's version of the execution of the bonds, and there was ample credible evidence to support the conclusion reached by the vice-chancellor.

One further phase of the case remains to be mentioned. It appears by the state of the case that the record in the foreclosure action was introduced in evidence before the vice-chancellor in the present suit. Certain papers which were properly a part of the record in that case were not printed in the state of the case now here and on motion to compel the printing, this court directed that respondent print the matter, the cost thereof to abide a decision as to the propriety of its being submitted. We are of the opinion that the motion was well taken, that the order should have been printed, and that the respondent is entitled to include the cost thereof in his taxed costs.

The decree is affirmed.

*For affirmance*—TRENCHARD, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 11.

*For dismissal*—THE CHIEF-JUSTICE, PARKER, JJ. 2.